James Weiler; AZ Bar No. 034371
**WEILER LAW PLLC**
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
jweiler@weilerlaw.com

Attorney for Plaintiff
Craig Rock Jr.

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Craig Rock Jr.**, an Arizona Resident, | **Case No.** |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **DISH Network Service L.L.C.**, a Colorado Corporation, | **(Jury Trial Requested)** |
| Defendant. | |

Plaintiff Craig Rock Jr. ("**Plaintiff**") for his complaint against Defendant DISH Network Service L.L.C. ("**Defendant**") hereby alleges as follows:

## PARTIES

1. Plaintiff is, and at all times relevant hereto was, a resident of Maricopa County, Arizona.

2. Upon information and belief, Defendant is a Colorado Corporation which is registered to conduct business and is currently doing business in the State of Arizona.

## JURISDICTION AND VENUE

3. All acts complained of herein occurred in Phoenix, Arizona, and this Court has jurisdiction over the parties and subject matter set forth in this Complaint pursuant to the Americans with Disabilities Act and the ADA Amendments Act (collectively referred

to as "**ADA**"), 42 U.S.C. 12101, *et seq.*,

4. This Court has federal question subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 in that the claims set forth in this Complaint arise under federal law.

5. The employment practices alleged to be unlawful were committed within, and had their primary effect in, the jurisdiction of the United States District Court for the District of Arizona.

6. Plaintiff was, at all relevant times, an employee of Defendant within the meaning of the ADA.

7. Personal jurisdiction in this Court is proper.

8. Venue in this Court is proper.

## **FACTUAL ALLEGATIONS**

9. On or about October 13, 2022, Plaintiff was hired as a Sales and Retention Associate by DISH Network.

10. At all times relevant, Plaintiff was a qualified individual with a disability covered under the ADA.

11. Plaintiff requested a reasonable accommodation from Defendant in order to manage the symptoms of his disability.

12. In or about December 2022, Plaintiff felt belittled by his Team Manager, Kaitlynn Meincke when she told him, well maybe if you didn't use ADA as a crutch to come in and out of work as you please, you wouldn't have this problem.

13. Defendant determined that Plaintiff was ineligible for a bi-weekly attendance incentive because of his request for a reasonable accommodation which included him

having a modified work schedule.

14. Between December 2022 and his termination in April 2023, Plaintiff did not receive an attendance incentive bonus during any pay period.

15. On or about January 20, 2023, Plaintiff sent an email to his Team Manager and Lindsey Thiel, Controller, objecting to Defendant's policy of not awarding him an attendance incentive bonus because of time missed due to his disability.

16. Plaintiff reasonably believed that Defendant denying him the attendance incentive was a violation of both the ADA. Plaintiff also believed that denying him the attendance incentive was in violation of Defendant's policy which states that Plaintiff was not to be penalized because of an ADA accommodation.

17. On or about January 27, 2023, Plaintiff sent an email through the Human Resources portal seeking to address his concerns of ongoing discrimination.

18. On or about January 31, 2023, Plaintiff was confronted by his Team Manager advising him that she was required to attend a meeting that was scheduled with Human Resources to discuss his reports of discrimination.

19. At that time, Plaintiff's Team Manager threatened Plaintiff by stating, "If I have to take this meeting, I am going to look very bad, but you are going to be fired. I highly advise and it is in your best interest for you to make this meeting tomorrow go away. There is nothing stopping you to retract your statement."

20. Plaintiff reported this threatening comment to Defendant's HR department.

21. At the end of February 2023, the company informed me that they had concluded an investigation into my complaints and that the findings were "inconclusive."

22. The resolution proposed by Defendant was to move Plaintiff to a different

team or different position all together.

23. Plaintiff was not offered the option of continuing in the same position with Defendant.

24. As a result, Plaintiff was forced to take a less desirable position with a less favorable work schedule and work hours.

25. On or about March 19, 2023, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC").

26. Upon information and belief, the Charge of Discrimination was served on Dish Network the same day, on March 19, 2023.

27. On or about April 6, 2023, Plaintiff's employment was terminated.

28. Plaintiff was terminated because of his disability and in retaliation for reporting discrimination and filing a charge of discrimination with the EEOC.

29. On or about April 26, 2023, Plaintiff filed a second complaint with the EEOC asserting discrimination and retaliation resulting in his termination.

30. Plaintiff subsequently received Notice of the Right to Sue and has exhausted all administrative remedies.

31. As a result of Defendant's actions, Plaintiff has been damaged.

## COUNT I
## DISCRIMINATION IN VIOLATION OF
## THE AMERICANS WITH DISABILITIES ACT

32. Plaintiff reasserts and realleges each and every allegation in this complaint as if fully set forth herein.

33. The ADA prohibits discrimination against a qualified individual with a disability in regard to terms, conditions and privileges of employment.

34. Plaintiff has a physical impairment that substantially limits a major life activity.

35. In the alternative, the length of time during which Plaintiff has experienced symptoms, from which he will continue to suffer, constitutes a record of impairment.

36. In the alternative, Plaintiff was regarded as having a disability under the ADA.

37. Plaintiff was qualified to perform the essential duties of his position with or without a reasonable accommodation.

38. Plaintiff suffered an adverse employment action as a result of his disability.

39. The adverse employment actions included not receiving an attendance bonus, being subjected to a hostile work environment, being forced to transfer to a less desirable position with the company, and having his employment terminated.

40. Upon information and belief, Defendant treated Plaintiff disparately as compared to other similarly situated non-disabled employees because of his disability.

41. As a direct, intentional, and willful consequence of such illegal conduct, Plaintiff suffered adverse employment actions including, inter alia, termination of employment.

42. Defendant engaged in discriminatory practice with malice or reckless indifference to Plaintiff's protected rights.

43. As a result, Plaintiff has been damaged in an amount to be proven at trial.

## COUNT II
## RETALIATION IN VIOLATION OF
## THE AMERICANS WITH DISABILITIES ACT

44. Plaintiff reasserts and realleges each and every allegation in this complaint

as if fully set forth herein.

45. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

46. The ADA prohibits discrimination and retaliation against any individual because such individual engaged in protected activity under the ADA. *See* 42 U.S.C. § 12203(a).

47. Plaintiff engaged in a protected activity by requesting reasonable accommodations for his disability.

48. Plaintiff engaged in protected activity by objecting to discriminatory practices that he was subjected to in the workplace.

49. Plaintiff engaged in protected activity by filing a Charge of Discrimination with the EEOC.

50. Plaintiff suffered an adverse employment action in retaliation for engaging in the protected activity.

51. As a direct, intentional, and willful consequence of such illegal conduct, Plaintiff suffered adverse employment actions including, inter alia, termination of employment.

52. The adverse employment actions also included being subjected to a hostile work environment, being forced to transfer to a less desirable position with Defendant, and having his employment terminated.

53. Defendant engaged in retaliation against Plaintiff with malice or reckless indifference to Plaintiff's protected rights.

54. As a result of Defendant's illegal conduct, Plaintiff has been damaged in an

amount to be proven at trial.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

A. For the Court to find Defendant liable and in Plaintiff's favor on all counts.

B. An award of damages for all counts in an amount to be proven at trial;

C. An award of lost wages damages including back pay and front pay;

D. An award of compensatory and punitive damages in an amount to be proven at trial;

E. Reasonable attorneys' fees and other expenses under the ADA pursuant to 42 U.S.C. § 12205;

F. Pre- and post-judgment interest; and

G. Any other remedies or judgments deemed just and equitable by this Court.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED July 27, 2023.

**WEILER LAW PLLC**

By: /s/ James Weiler
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Attorney for Plaintiff